# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMON IMMEDIATO, STEPHEN LEVINE, and ERIC WICKBERG, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>POSTMATES, INC.,<br><br>      Defendant. | CASE NO. 1:20-cv-12308<br><br>**NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT POSTMATES, LLC F/K/A POSTMATES INC.**<br><br>Removal from the Suffolk County Superior Court, Case No. 2084-CV-02003H<br><br>Action Filed: September 3, 2020 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, and 1711, Defendant Postmates Inc.[1] hereby removes this action from the Suffolk County Superior Court, Commonwealth of Massachussetts, Case No. 2084-CV-02003H, to the United States District Court for the District of Massachusetts:

## I.  TIMELINESS OF REMOVAL

1.  Plaintiffs Damon Immediato, Stephen Levine, and Eric Wickberg (collectively, "Plaintiffs") filed a putative Class Action Complaint against Postmates in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Case No. 2084-CV-02003H, on September 3, 2020.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Class Action Complaint, (b) Civil Action Cover Sheet, (c) Waiver and Acceptance of Service, (d) Joint Motion

---

[1] As noted in the concurrently filed Corporate Disclosure Statement, Postmates Inc. is now Postmates, LLC f/k/a Postmates Inc., and its parent company is Uber Technologies, Inc.

1

to Extend Time to Respond to Complaint, and (e) Superior Court Docket Sheet are attached as Exhibits A–E to the Declaration of Dhananjay S. Manthripragada ("Manthripragada Decl.") filed concurrently herewith. These filings constitute the complete record of all proceedings in the state court.

2.  According to the Waiver and Acceptance of Service filed in the Suffolk County Superior Court, Postmates accepted and waived service on December 2, 2020. *See* Manthripragada Decl. ¶ 4, Ex. C. This Notice of Removal is timely because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b).

## II.     SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.  Removal is proper under 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this putative class action and all claims asserted against Postmates under CAFA, 28 U.S.C. § 1332(d).

4.  CAFA applies to "any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a statute or rule, namely Massachusetts Rule of Civil Procedure 23, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Manthripragada Decl. Ex. A, Compl. ¶ 24.

5.  Plaintiffs ask the Court to "certify this case as a class action on behalf of all Postmates drivers who worked in Massachusetts." Manthripragada Decl. Ex. A, Compl. ¶ 24.

6.  In their Complaint, Plaintiffs allege three causes of action against Postmates: (1) failure to reimburse couriers for business expenses in violation of Mass. Gen. Laws. ch. 149 § 148, (2) failure to pay minimum wage in violation of Mass. Gen. Law. ch. 151 §§ 1, 7, and

(3) failure to pay earned sick time in violation of Mass. Gen. Law ch. 149 § 148C. Manthripragada Decl. Ex. A, Compl. at pp. 7–8.

7. Among other things, Plaintiffs allege that putative class members are entitled to restitution for damages allegedly incurred as a result of Postmates' alleged misclassification of couriers as independent contractors, statutory trebling of wage-related damages, an injunction enjoining Postmates from classifying couriers as independent contractors, and attorneys' fees and costs. Manthripragada Decl. Ex. A, Compl., Prayer for Relief.

8. Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Postmates denies any liability in this case. Postmates intends to oppose class certification and believes that class treatment is inappropriate under these circumstances in part because there are many material individualized differences between the named Plaintiffs and the putative class members Plaintiffs seek to represent, and among the putative class members. Postmates expressly reverses all rights, including to oppose class certification and to contest the merits and propriety of all claims asserted in the Complaint. For purposes of the jurisdictional requirements for removal only, however, the allegations in Plaintiffs' Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.    The Putative Class Consists of More Than 100 Members**

10. Based on Plaintiffs' allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiffs' proposed class consists of "all Postmates drivers who worked in Massachusetts." Manthripragada Decl. Ex. A, Compl. ¶ 24. Plaintiffs themselves estimate that "tens of thousands" of individuals contracted with Postmates to perform deliveries in Massachusetts using the Postmates platform. *Id.* ¶ 25. According to Postmates' records, approximately 25,000 couriers have used the Postmates platform to accept and make deliveries in Massachusetts since September 3, 2017.[2] Modlin Decl. ¶ 3.

12. Accordingly, while Postmates denies that class treatment is permissible or appropriate, the proposed class consists of more than 100 members.

**B.    Postmates and Plaintiffs Are Not Citizens of the Same State**

13. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of a putative class must be a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

14. A person is a citizen of the state in which he is domiciled. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A party's residence is "highly relevant" to determine his or her domicile. *Id.* at 11; *see also Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 47 (1st Cir. 2016) ("the place of residence is prima facie evidence of a party's domicile"). According to Plaintiffs' Complaint, Plaintiff Immediato is a resident of Florida, and Plaintiffs Levine and Wickberg are residents of Massachusetts. Manthripragada Decl. Ex. A, Compl. ¶¶ 6–8. Plaintiffs are therefore considered citizens of Florida and Massachusetts for purposes of removal.

---

[2] Plaintiffs' Complaint does not allege a class period. However, the statute of limitations on each of Plaintiffs' causes of action is three years. Mass Gen. Laws ch. 149 § 150; Mass. Gen. Laws ch. 151 § 20A.

15. Postmates is a limited liability company. Modlin Decl. ¶ 2. For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all its members." *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011). Uber Technologies, Inc. is the sole member of Postmates, LLC. Modlin Decl. ¶ 2. Uber Technologies, Inc. is a Delaware corporation with its principal place of business in California. *Id.* Accordingly, Uber Technologies, Inc. and Postmates, LLC are citizens of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").[3]

16. Plaintiffs and Postmates are citizens of different states, and CAFA's minimal diversity requirement is met. *See* 28 U.S.C. § 1332(d)(2)(A).

C. **The Amount in Controversy Exceeds $5 Million**

17. CAFA requires that the amount in controversy in the putative class action exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. *Id.* § 1332(d)(6).

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant need only "show a reasonable probability that more than $5 million is at stake in th[e] case." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 (1st Cir. 2014). "[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Id.*; *see also Amoche v. Guarantee*

---

[3] The entity named by Plaintiffs as Defendant, Postmates Inc., no longer exists. However, that entity was also incorporated in Delaware with its headquarters in San Francisco, California. Modlin Decl. ¶ 2.

*Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction"). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, Plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

19. Although Postmates denies that Plaintiffs' claims have any merit, for the purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiffs were to prevail on every claim and allegation in their Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

20. Postmates reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiffs' claims should Plaintiffs challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]."). But for present purposes, it is sufficient that Plaintiffs' claim for reimbursement of alleged business expenses *alone* places more than $5 million in controversy.

21. Plaintiffs allege in their first cause of action that Postmates "fail[ed] to reimburse [the putative class members] for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans in violation of [Mass Gen. Laws ch. 149 § 148]." Manthripragada Decl. Ex. A, Compl. at p. 7. On this ground, Plaintiffs seek, among

other things, restitution of damages, statutory trebling of damages, and attorneys' fees and costs. *Id.* at p. 8.

22. Based on Plaintiffs' allegation that "Postmates does not reimburse drivers for these expenses," *id.* at ¶ 19, it is reasonable to assume for the purposes of this jurisdictional analysis only that no class members received reimbursement for alleged business expenses.

23. During the three-year period prior to the filing of the Complaint, at least 25,000 couriers used the Postmates platform to connect with customers and accept delivery opportunities in Massachusetts. Modlin Decl. ¶ 3. These couriers drove, in the aggregate, over 6.5 million miles completing deliveries through the Postmates platform in Massachusetts. *Id.* ¶ 4.

24. Plaintiffs seek "reimbursement for car expenses at the standard IRS mileage reimbursement rate." Manthripragada Decl. Ex. A, Compl. ¶ 20. The Internal Revenue Service standard mileage reimbursement rates ranged from 53.5 cents per mile to 57.5 cents per mile during the putative class period. IRS Standard Mileage Rates (available at https://www.irs.gov/tax-professionals/standard-mileage-rates). Even assuming that putative class members incurred expenses based on the lowest applicable mileage rate—53.5 cents per mile—during the entire class period, the mileage reimbursement allegedly owed would be **$3,477,500**.

25. Plaintiffs also seek trebling of damages pursuant to Massachusetts General Law chapter 149, section 150. Manthripragada Decl. Ex. A, Compl., Prayer for Relief. Section 150 states that employees aggrieved by a violation of the Massachusetts Wage Act "shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits." Mass. Gen. Laws ch. 149 § 150. Therefore, based on Plaintiffs' allegations, the total amount in controversy for Plaintiffs' claim for mileage reimbursement alone—not including the other categories of alleged business expenses Plaintiffs seek—is **$10,432,500**, which is well over the requisite $5 million. *See*

*Lucas v Ultima Framingham LLC*, 973 F. Supp. 2d 98, 103 (D. Mass 2013) ("When a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.").

26. Plaintiffs' allegations regarding Postmates' failure to reimburse for alleged business expenses place **at least $10.4 million** in controversy.

27. Plaintiffs also explicitly seek attorneys' fees should they recover under any of the claims in this action. *See* Manthripragada Decl., Ex. A, Compl., Prayer for Relief. Prospective attorneys' fees are properly included in the amount in controversy. *See Lucas*, 973 F. Supp. 2d at 101 ("a court must take into account attorneys' fees where, as here, the award of those fees is statutorily authorized") (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001)); *see also* Mass. Gen. Laws ch. 149 § 150 (providing for mandatory attorneys' fees award for violation of section 148). Postmates denies that any such attorneys' fees are owed to Plaintiffs or putative class members, however, for purposes of this jurisdictional analysis only, Postmates relies on Plaintiffs' allegations that the attorneys' fees are owed. In *Romulus*, the First Circuit found that the defendant established the amount in controversy based in part on the inclusion of a fee award of 10% of the potential recovery. 770 F.3d at 81. Using the same logic here, a 10% potential fee award in this case would approximate **$1,043,250**, bringing the amount in controversy to well **over $11 million**.

28. This figure is under-inclusive of the actual amount in controversy because it is based on conservative assumptions and does not account for, among other things, any recovery sought for alleged business expenses other than mileage, failure to pay minimum wage (Second Cause of Action), or failure to pay earned sick leave (Third Cause of Action).

29. Plaintiffs' allegations place more than the requisite $5 million in controversy. The jurisdictional amount in controversy requirement is met, and removal to this Court is proper under CAFA.

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

30. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because (1) this action is a class action within the meaning of § 1332(d)(1)(B); (2) this action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B); (3) at least one member of the putative class is a citizen of a state different than Postmates as required by § 1332(d)(2)(A); and (4) the amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2). Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

31. Plaintiffs originally filed this action in the Superior Court of the Commonwealth of Massachusetts, making removal to the United States District Court for the District of Massachusetts proper under 28 U.S.C. § 1441(a).

32. Upon filing this Notice of Removal, Postmates will furnish Plaintiffs' counsel with a copy of this Notice and will file a copy of this Notice with the Clerk of the Superior Court of the Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1446(d).

Date: December 31, 2020

Respectfully submitted,

POSTMATES, LLC F/K/A POSTMATES INC.

By its attorneys,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Joshua S. Lipshutz*
Joshua S. Lipshutz, BBO #675305
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 955-8500
JLipshutz@gibsondunn.com

Theane Evangelis (*pro hac vice* forthcoming)
Dhananjay S. Manthripragada (*pro hac vice* forthcoming)
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
TEvangelis@gibsondunn.com
DManthripragada@gibsondunn.com

Michele L. Maryott (*pro hac vice* forthcoming)
3161 Michelson Drive
Irvine, CA 92612-4412
Tel: (949) 451-3800
MMaryott@gibsondunn.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that counsel for Defendant has conferred in good faith with counsel for Plaintiffs prior to filing this Notice of Removal. The parties were unsuccessful in resolving or narrowing the dispute.

*/s/ Joshua S. Lipshutz*
Joshua S. Lipshutz