# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMON IMMEDIATO, STEPHEN LEVINE, and ERIC WICKBERG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POSTMATES, INC.,<br><br>Defendant. | CASE NO. 20-12308<br><br>**DECLARATION OF DHANANJAY S. MANTHRIPRAGADA IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT POSTMATES, LLC F/K/A POSTMATES INC.**<br><br>Removal from the Suffolk County Superior Court, Case No. 2084-CV-02003H<br><br>Action Filed:  September 3, 2020 |

I, Dhananjay S. Manthripragada, declare that:

1.      I am an attorney licensed to practice law before the Courts of the State of California. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Postmates, LLC f/k/a Postmates Inc. ("Postmates") in the above-captioned action.  I submit this declaration in support of Postmates' Notice of Removal.  Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Class Action Complaint in *Immediato, et al. v. Postmates Inc.*, Case No. 2084-CV-02003H, filed on September 3, 2020.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Civil Action Cover Sheet in *Immediato, et al. v. Postmates Inc.*, Case No. 2084-CV-02003H, filed on September 3, 2020.

4.     Attached hereto as **Exhibit C** is a true and correct copy of the Waiver and Acceptance of Service in *Immediato, et al. v. Postmates Inc.*, Case No. 2084-CV-02003H, filed on December 2, 2020.

5.     Attached hereto as **Exhibit D** is a true and correct copy of the Joint Motion to Extend Time to Respond to Complaint in *Immediato, et al. v. Postmates Inc.*, Case No. 2084-CV-02003H, filed on December 7, 2020.

6.     Attached hereto as **Exhibit E** is a true and correct copy of the Superior Court Docket Sheet in *Immediato, et al. v. Postmates Inc.*, Case No. 2084-CV-02003H.

7.     In accordance with 28 U.S.C. § 1446(a), Exhibits A–D constitute "all process, pleadings, and orders served upon" Postmates in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this Declaration on December 31, 2020 in Westlake Village, California.

Dhananjay S. Manthripragada

EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C. A. NO. 20-2003**4**

DAMON IMMEDIATO, STEPHEN LEVINE, )
and ERIC WICKBERG, on behalf of )
themselves and all others similarly situated, )
)
Plaintiffs, )
)
v. )
)
POSTMATES, INC., )
)
Defendant. )

**JURY DEMANDED**

### CLASS ACTION COMPLAINT

1.    This case is brought on behalf of individuals who have worked as delivery

drivers for Postmates, Inc. ("Postmates") in the Commonwealth of Massachusetts.

Postmates is a delivery service that provides delivery drivers who can be scheduled and

dispatched through a mobile phone application or through its website and who will

deliver food and other goods from restaurants and stores to customers at their homes

and businesses.

2.    As described further below, Postmates has misclassified delivery drivers

as independent contractors when they are actually employees.  In so doing, Postmates

has violated Mass. Gen. L. c. 149 §§ 148B, 148 by failing to reimburse drivers'

necessary business expenses such as gas and car maintenance and Mass. Gen. L. c.

151 §§ 1, 7 by failing to pay drivers the Massachusetts minimum wage after accounting

for drivers' expenses and excluding their tips (as Postmates is not entitled to take the tip

credit against the minimum wage).  Postmates has also failed to provide its drivers with

1

paid sick leave at a rate of at least one hour for every thirty hours worked in violation of the Massachusetts Earned Sick Time Law, Mass. Gen. L. c. 149 § 148C.

3.      Postmates' agreement with its drivers contains a mandatory arbitration provision, purporting to require drivers to arbitrate any disputes they have with Postmates, including disputes related to their classification as independent contractors.

4.      Plaintiffs contend that this arbitration agreement is not enforceable, as they are transportation workers exempt from arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, and the agreement is unenforceable under Massachusetts law because it contains a class action waiver that violates Massachusetts public policy. See Waithaka v. Amazon.com Inc., 966 F.3d 10 (1st Cir. 2020) (refusing to enforce arbitration agreement for Amazon delivery drivers).

5.      In any event, Plaintiffs attempted to bring these claims in arbitration by filing demands for arbitration with the American Arbitration Association ("AAA").  The AAA informed Plaintiffs, however, that it refuses to administer arbitrations against Postmates due to Postmates' failure to comply with its rules and due process protocols in prior arbitrations.  Accordingly, Plaintiffs have not been able to pursue their claims in arbitration and now bring their claims in this Court.

## PARTIES

6.      Plaintiff Damon Immediato is an adult resident of Lakeland, Florida. He worked as a Postmates delivery driver in the Boston, Massachusetts, area from approximately July 2015 to November 2017.

2

7.     Plaintiff Stephen Levine is an adult resident of Lynn, Massachusetts.   He has worked as a Postmates delivery driver in the Boston, Massachusetts, area and the North Shore since approximately May 2017.

8.     Plaintiff Eric Wickberg is an adult resident of Stoughton, Massachusetts. He has worked as a Postmates delivery driver in the Boston, Massachusetts, area in October 2017.

9.     Defendant Postmates, Inc. ("Postmates") is a Delaware corporation with its principal place of business in San Francisco, California.

## STATEMENT OF FACTS

10.     Postmates is a San Francisco-based food delivery service, which provides delivery services in cities throughout the country via an on-demand dispatch system. Postmates offers customers the ability to request a driver on a mobile phone application, who will go to the restaurant and pick up their food or to the store and pick up their merchandise, then deliver it to the customer at their home or business.

11.     Postmates' website homepage advertises that it offers "Food, drinks, groceries, and more available for delivery" and boasts, "We deliver more than dinner. Need another charger? Kitchen staples? Party supplies? We've got everything you need available for delivery within an hour."

12.     Although classified as independent contractors, Postmates drivers like Plaintiffs are actually employees under Massachusetts law.

13.     Postmates delivery drivers perform services within Postmates' usual course of business, delivery of food and other goods.  The drivers' services are fully integrated into Postmates' business.

3

14.     Additionally, Postmates' drivers are not typically engaged in their own food delivery business.  When making deliveries to Postmates customers, they wear the "hat" of Postmates.

15.     In addition, Postmates maintains the right of control over the drivers' performance of their job and exercises detailed control over them.

16.     For example, drivers must follow drivers must follow requirements and rules imposed on them by Postmates and are subject to termination, based on Postmates' discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, and their ability to make sure customers' orders are accurate and complete, etc.).

17.     Postmates has collected various metrics regarding its drivers performance, including (1) drivers' customer rating (out of five stars, with five being the highest), which is used to gauge customers' satisfaction with a delivery; (2) drivers' acceptance rating, which gauges how many deliveries drivers were assigned and accepted; and (3) drivers' completion rating, which gauges the number of deliveries drivers completed that they accepted.  If drivers' ratings fall below Postmates' minimum thresholds they may be terminated.

18.     Drivers do not receive minimum wage for all of the time they spend performing services for Postmates.  They are paid based on receiving a delivery fee for each delivery plus tips they receive from customers.  However, Postmates cannot count these tips towards its minimum wage obligations for the drivers since it is not eligible to take the tip credit against the minimum wage. See Mass. Gen. Laws Ann. ch. 151, § 7; 454 Mass. Code Regs. 27.03.

4

19.     In addition, Postmates delivery drivers, including Plaintiffs, incur expenses to perform their jobs, including expenses for their vehicles, gas, smartphone and data plan. Postmates does not reimburse drivers for these expenses in violation of Massachusetts law.

20.     These unreimbursed expenses also further drive the drivers' pay below the state minimum wage. For example, Plaintiff Immediato estimates that his weekly wage fell below the Massachusetts minimum wage during the week of September 18-24, 2017. During that week, he worked 8 hours and received a total of $77.07 (including tips). After subtracting reimbursement for car expenses at the standard IRS mileage reimbursement rate, Plaintiff estimates he made $7.97 per hour, and even less than that when tips are deducted from his wages.

21.     Plaintiff Levine estimates that his weekly wage fell below the below the Massachusetts minimum wage during the week of August 18-25, 2019. During that week, he worked 20 hours and received a total of $157.47 (including tips). After subtracting reimbursement for car expenses at the standard IRS mileage reimbursement rate, Plaintiff estimates he made $7.87 per hour, and even less than that when tips are deducted from his wages.

22.     Plaintiff Wickberg estimates that his weekly wage fell below the Massachusetts minimum wage during the week of October 8-15, 2017. During that week, he worked 2 hours and received a total of $17.00 (including tips). After subtracting reimbursement for car expenses at the standard IRS mileage reimbursement rate, Plaintiff estimates he made $7.66 per hour, and even less than that when tips are deducted from his wages.

5

23. Postmates does not pay its drivers any earned sick time. Each of the named plaintiffs have been sick during the period they worked for Postmates but were not able to receive sick pay for that time.

## CLASS ALLEGATIONS

24. The Court should certify this case as a class action on behalf of all Postmates drivers who worked in Massachusetts under Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150.

25. The class is so numerous that joinder of all members is impracticable. Plaintiffs estimate that Postmates has employed tens of thousands of drivers in Massachusetts.

26. There are questions of law and fact common to the class, including whether Postmates has misclassified its drivers, failed to pay them minimum wage, and denied them sick leave.

27. The named Plaintiffs' claims are typical of those of the class members. Plaintiffs' claims encompass the challenged practices and course of conduct of Postmates. Furthermore, Plaintiffs' legal claims are based on the same legal theories as the claims of the class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiffs and to the class.

28. The named Plaintiffs will fairly and adequately protect the interests of the class. The named Plaintiffs' claims are not antagonistic to those of the class and they have hired counsel skilled in the prosecution of class actions.

29. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and

6

efficient adjudication of this controversy.  This proposed class action presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.    Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named plaintiffs have submitted their statutory claims with the Office of the Attorney General.

## COUNT I
### Wage Act
### MASSACHUSETTS GENERAL LAW CHAPTER 149 §§ 148, 148B

As set forth above, Defendant Postmates has violated the Wage Act by misclassifying its drivers as independent contractors pursuant to § 148B and by failing to reimburse them for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans in violation of Gen. L. c. 149 § 148.  This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT II
### Minimum Wage
### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

As set forth above, Defendant Postmates has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage.  This claim is brought pursuant to M.G.L. c. 151, § 20.

7

## COUNT III
### Sick Leave
## MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148C

As set forth above, Defendant Postmates has violated the Massachusetts Sick Leave Law, M.G.L. c. 149 § 148C, by failing to pay Postmates drivers earned sick time at a rate of at least one hour for every thirty hours worked.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 § 20;

2. Restitution for all damages due to the Plaintiffs and other class members because of their misclassification as independent contractors and related wage law and sick leave violations;

3. An injunction ordering Postmates to cease its unlawful practices;

4. Statutory trebling of damages;

5. Attorneys' fees and costs

6. Prejudgment interest; and,

7. Any other relief to which Plaintiffs may be entitled.

Dated:   August 21, 2020

Respectfully submitted,

DAMON IMMEDIATO, STEPHEN LEVINE, and ERIC WICKBERG, on behalf of themselves and all others similarly situated,

By their attorneys,

Shannon Liss-Riordan, BBO # 640716
Michelle Cassorla, BBO # 688429
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com

9

EXHIBIT B

| CIVIL ACTION COVER SHEET | DOCKET NUMBER  20-2003 H | Trial Court of Massachusetts  The Superior Court |
|---|---|---|

| PLAINTIFF(S): Damon Immediato, Stephen Levin, Eric Wickberg | COUNTY  Suffolk |
|---|---|
| ADDRESS: | |
| | DEFENDANT(S): Postmates, Inc. |
| ATTORNEY: Shannon Liss-Riordan | |
| ADDRESS: Lichten & Liss-Riordan, P.C. | ADDRESS: |
| 729 Boylston St., Suite 200 | |
| Boston, MA 02116 | |
| BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.  A04 | TYPE OF ACTION (specify)  Employment Contract | TRACK  F | HAS A JURY CLAIM BEEN MADE?  ☐ YES   ☒ NO |
|---|---|---|---|

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses .......................................................... $ _____
    2. Total doctor expenses ............................................................ $ _____
    3. Total chiropractic expenses .................................................... $ _____
    4. Total physical therapy expenses ............................................. $ _____
    5. Total other expenses (describe below) ................................... $ _____
                                 Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................ $ _____
C. Documented property damages to dated ............................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ............. $ _____
E. Reasonably anticipated lost wages ................................................... $ _____
F. Other documented items of damages (describe below) ....................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                              TOTAL (A-F): $ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                              TOTAL: $ _____

**Signature of Attorney/Pro Se Plaintiff: X**                 **Date:**

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _Shannon Liss-Riordan_         **Date:** 08/21/2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/ Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES     ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

EXHIBIT C

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

|  |  |  |
|---|---|---|
| DAMON IMMEDIATO, individually and on behalf of others similarly situated, | ) ) ) ) | **Superior Court** **Civil Action No. 2084CV02003H** |
| Plaintiffs, | ) ) | |
| v. | ) ) | **E-FILE 12/2/2020** |
| POSTMATES, INC., | ) ) | |
| Defendant. | ) ) ) | |

## WAIVER AND ACCEPTANCE OF SERVICE

I have received this request to waive service of the summons in this action along with a copy of the complaint.

I hereby accept and waive service on behalf of the defendant, Postmates Inc.

The parties agree that defendant does not waive any defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, and that it waives only objections as to the absence or failure of a summons or service.

The parties have agreed that defendant must respond to the complaint within 60 days from November 24, 2020, the date this waiver was sent.

1

Dated:  December 2, 2020                    Respectfully submitted,


_____
Theane Evangelis, BBO #243570
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

EXHIBIT D

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

|  |  |  |
|---|---|---|
| DAMON IMMEDIATO, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) **)** ) | **Superior Court**<br>**Civil Action No. 2084CV02003H** |
| v. | ) ) | E-FILED 12/7/2020 |
| POSTMATES, INC., | ) ) | |
| Defendant. | ) ) ) | |

## <u>JOINT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT</u>

Plaintiff Damon Immediato ("Plaintiff") filed the Complaint against Defendant Postmates, Inc. ("Postmates"), in the above-captioned matter on September 3, 2020. On December 2, 2020, the parties filed a Waiver and Acceptance of Service stating that Postmates accepted and waived service and agreeing that Postmates must respond to the complaint within 60 days from November 24, 2020.

Accordingly, the parties hereby jointly move to extend the time for Postmates to respond to the complaint to January 25, 2021.


Dated:  December 7, 2020

Respectfully submitted,

DAMON IMMEDIATO, individually and on behalf of others similarly situated,

By his attorneys,

/s/ *Michelle Cassorla*
Shannon Liss-Riordan (BBO No. 640716)
Michelle Cassorla (BBO No. 688429)
Lichten & Liss-Riordan, P.C.

1

729 Boylston St., Suite 2000
Boston, MA 02116

POSTMATES, INC.,

By their attorneys,

/s/ *Theane Evangelis*
Theane Evangelis, BBO #243570
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

## CERTIFICATE OF SERVICE

I hereby certify that, on December 7, 2020, I served a copy of this document by email, per the March 30, 2020 Supreme Judicial Court Order concerning email service in cases under Rule 5(b) of the Mass. Rules of Civil Procedure, upon the following:

Theane Evangelis, Esq.
Dhananjay Manthripragada, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
tevangelis@gibsondunn.com
dmanthripragada@gibsondunn.com

Shaun Mathur, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612
smathur@gibsondunn.com

/s/ *Michelle Cassorla*
Michelle Cassorla

EXHIBIT E

## 2084CV02003 Immediato, Damon et al vs. Postmates Inc

- Case Type:
- Contract / Business Cases
- Case Status:
- Open
- File Date
- 09/03/2020
- DCM Track:
- F - Fast Track
- Initiating Action:
- Employment Contract
- Status Date:
- 09/03/2020
- Case Judge:
- 
- Next Event:
- 



| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**Immediato, Damon**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Cassorla, Esq., Michelle |
| | - Bar Code |
| | - 688429 |
| | - Address |
| | - Lichten & Liss-Riordan |
| | 729 Boylston St |
| | Suite 2000 |
| | Boston, MA  02116 |
| | - Phone Number |
| | - (617)994-5800 |
| | - Attorney |
| | - Liss-Riordan, Esq., Shannon |
| | - Bar Code |
| | - 640716 |
| | - Address |
| | - Lichten & Liss-Riordan, P.C. |
| | 729 Boylston St |
| | Suite 2000 |
| | Boston, MA  02116 |
| | - Phone Number |
| | - (617)994-5800 |

**More Party Information**

**Levine, Stephen**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Cassorla, Esq., Michelle |
| | - Bar Code |
| | - 688429 |
| | - Address |
| | - Lichten & Liss-Riordan |
| | 729 Boylston St |
| | Suite 2000 |
| | Boston, MA  02116 |
| | - Phone Number |
| | - (617)994-5800 |
| | - Attorney |
| | - Liss-Riordan, Esq., Shannon |
| | - Bar Code |
| | - 640716 |
| | - Address |
| | - Lichten & Liss-Riordan, P.C. |
| | 729 Boylston St |

Suite 2000
Boston, MA  02116
- Phone Number
- (617)994-5800

**Wickberg, Eric**
- Plaintiff

| Alias | **Party Attorney** |
|-------|--------------------|
|       | - Attorney |
|       | Cassorla, Esq., Michelle |
|       | - Bar Code |
|       | 688429 |
|       | - Address |
|       | Lichten & Liss-Riordan |
|       | 729 Boylston St |
|       | Suite 2000 |
|       | Boston, MA  02116 |
|       | - Phone Number |
|       | (617)994-5800 |
|       | - Attorney |
|       | Liss-Riordan, Esq., Shannon |
|       | - Bar Code |
|       | 640716 |
|       | - Address |
|       | Lichten & Liss-Riordan, P.C. |
|       | 729 Boylston St |
|       | Suite 2000 |
|       | Boston, MA  02116 |
|       | - Phone Number |
|       | (617)994-5800 |

More Party Information

**Postmates Inc**
- Defendant

| Alias | **Party Attorney** |
|-------|--------------------|

More Party Information

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 09/03/2020 | 12/02/2020 | 90 | |
| Answer | 09/03/2020 | 01/04/2021 | 123 | |
| Rule 12/19/20 Served By | 09/03/2020 | 01/04/2021 | 123 | |
| Rule 12/19/20 Filed By | 09/03/2020 | 02/01/2021 | 151 | |
| Rule 12/19/20 Heard By | 09/03/2020 | 03/02/2021 | 180 | |
| Rule 15 Served By | 09/03/2020 | 01/04/2021 | 123 | |
| Rule 15 Filed By | 09/03/2020 | 02/01/2021 | 151 | |
| Rule 15 Heard By | 09/03/2020 | 03/02/2021 | 180 | |
| Discovery | 09/03/2020 | 06/30/2021 | 300 | |
| Rule 56 Served By | 09/03/2020 | 07/30/2021 | 330 | |
| Rule 56 Filed By | 09/03/2020 | 08/30/2021 | 361 | |
| Final Pre-Trial Conference | 09/03/2020 | 12/27/2021 | 480 | |
| Judgment | 09/03/2020 | 09/05/2022 | 732 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 09/03/2020 | Attorney appearance<br>On this date Shannon Liss-Riordan, Esq. added for Plaintiff Damon Immediato | | |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/03/2020 | Attorney appearance<br>On this date Michelle Cassorla, Esq. added for Plaintiff Damon Immediato | | |
| 09/03/2020 | Case assigned to:<br>DCM Track F - Fast Track was added on 09/03/2020 | | |
| 09/03/2020 | Original civil complaint filed. | 1 | |
| 09/03/2020 | Civil action cover sheet filed. | 2 | |
| 09/03/2020 | Attorney appearance<br>On this date Michelle Cassorla, Esq. added for Plaintiff Stephen Levine | | |
| 09/03/2020 | Attorney appearance<br>On this date Shannon Liss-Riordan, Esq. added for Plaintiff Stephen Levine | | |
| 09/03/2020 | Attorney appearance<br>On this date Michelle Cassorla, Esq. added for Plaintiff Eric WIckberg | | |
| 09/03/2020 | Attorney appearance<br>On this date Shannon Liss-Riordan, Esq. added for Plaintiff Eric WIckberg | | |
| 12/02/2020 | Postmates Inc's waiver of<br>and acceptance of service | 3 | Image |
| 12/07/2020 | Plaintiff Damon Immediato's Joint Motion to extend time to respond to complaint | 4 | Image |
| 12/28/2020 | Endorsement on Motion to to extend time to respond to complaint (#4.0): ALLOWED<br>(Date 12/9/20) Noticed 12/7/20 | | Image |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |