IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAMON IMMEDIATO, STEPHEN LEVINE, and ERIC WICKBERG, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | C. A. No. 1:20-CV-12308-RGS |
| v. | ) ) ) | |
| POSTMATES, INC., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO LIFT THE STAY AND**
**CONFIRM ARBITRATION AWARDS**

Plaintiffs Damon Immediato, Stephen Levine, and Eric Wickberg ("Plaintiffs") hereby move to confirm the arbitration awards they obtained in connection with their claims of independent contractor misclassification against Defendant Postmates, Inc. ("Postmates").

On March 4, 2021, the Court granted (over Plaintiffs' opposition) Postmates' Motion to Compel Arbitration and Stay Proceedings Pending Arbitration. See Dkt. 24. Pursuant to the Court's order, each Plaintiff initiated an individual arbitration proceeding against Postmates with the American Arbitration Association ("AAA"). In all three arbitration cases, Postmates made an offer of judgment pursuant to Fed. R. Civ. P. 68; all three Plaintiffs accepted the offer. Each arbitrator subsequently entered a final order. See Immediato v. Postmates, Inc., AAA Case No. 01-21-0002-4441, Award, November 8, 2021 (attached as **Exhibit A**); Levine v. Postmates, Inc., AAA Case No. 01-21-0002-4444, Amended Judgment on Claims, October 12, 2021 (attached as

**Exhibit B**); Wickberg v. Postmates, Inc., AAA Case No. 01-21-0002-4445, Final Order of Judgment, October 21, 2021 (attached as **Exhibit C**).

Plaintiffs now move to lift the pending stay and to confirm their awards. These final arbitration orders are judgments. See LaPierre v. City of Lawrence, 819 F.3d 558, 562 (1st Cir. 2016) ("[C]ourts must enter judgment on an accepted Rule 68 offer of judgment once it has been filed with the court…"). They are therefore confirmable under the Federal Arbitration Act, which provides that a court "must grant" a timely request for an order confirming an arbitration award. See 9 U.S.C. § 9. "Upon receipt of such an application, unless the court vacates, modifies, or corrects the arbitration award pursuant to 9 U.S.C. §§ 10-11, it must confirm the award." Ebbe v. Concorde Inv. Servs., LLC, 392 F. Supp. 3d 228, 235 (D. Mass. 2019), aff'd on other grounds, 953 F.3d 172 (1st Cir. 2020) (citing Ortiz-Espinosa v. BBVA Sec. of P.R., Inc., 852 F.3d 36, 42 (1st Cir. 2017)). See also Teamsters Local 177 v. United Parcel Service, 966 F.3d 245, 248 (3d. Cir. 2020) ("The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding.").

Accordingly, Plaintiffs respectfully request that the Court lift the stay and confirm the attached arbitration awards, pursuant to 9 U.S.C. § 9.

Dated:  November 12, 2021

Respectfully submitted,

DAMON IMMEDIATO, STEPHEN LEVINE, and ERIC WICKBERG, on behalf of themselves and all others similarly situated,

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, BBO #640716
Michelle Cassorla, BBO #688429
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com

## LOCAL RULE 7.1 CERTIFICATION

I, Shannon Liss-Riordan, counsel for Plaintiffs, hereby certify that I conferred with counsel for Defendant by email between November 3-11, 2021, but the parties have been unable to resolve or narrow the issues presented by this motion.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan

## CERTIFICATE OF SERVICE

This will certify that I served a copy of the foregoing document on all counsel, by ECF, on this date.

Dated: November 12, 2021

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan